ARTHUR TRUDEAU *et al. vs.* HELEN F. COLLINS, *Admx., c.t.a. et al.*

NOVEMBER 20, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.   This bill in equity is brought by certain beneficiaries under the will of Rose Anna Trudeau, an unmarried woman, late of the city of Woonsocket, against Helen F. Collins, as administratrix *d.b.n.* with the will annexed and also in her individual capacity as a beneficiary under the aforesaid will.   The Rhode Island Hospital Trust Company, holder of a mortgage on the real estate herein involved, and all other persons in interest are made parties. All parties to this cause are of full age, under no disability and properly represented.   The bill prays for the construction of a certain clause in the will of Rose Anna Trudeau and for instructions relative thereto.   Testimony was received in the superior court relative to the issues raised by the pleadings. The cause, being ready for hearing for final decree, was certified to this court as required by general laws 1938, chapter 545, § 7.

Rose Anna Trudeau died July 23, 1931, leaving a will which was executed, with the advice and assistance of a lawyer, on March 26, 1926.   This will was duly probated in Woonsocket on September 1, 1931.   Excluding minor bequests not material to mention in this cause, the main bene-

ficiaries in the will were a sister and two brothers of the testatrix, namely, Rosilda Grimord, Arthur Trudeau and George Trudeau, all of whom survived her. The last-mentioned beneficiary was also named as sole executor. The will further provides that if George Trudeau should die before the testatrix, then his share of the estate should be paid to his children *per stirpes* and not *per capita*.

, George Trudeau was appointed, qualified and served as executor until his death, December 13, 1939. He left as his sole heirs at law two adult children, Grace Marrah and Helen F. Collins. The latter was duly appointed and qualified as administratrix *d.b.n.* with the will annexed on February 2, 1940.

Paragraph 5 of the will devised all the real estate of the testatrix to her executor "in trust, however, for the following purposes and with the following powers, namely: That he shall, as soon as may be conveniently done after my death, but within at least seven (7) months following his appointment as executor of this will, sell or otherwise dispose of or convert into cash . . . said real estate. . . . The proceeds of the sale or disposition thereof, as aforesaid, shall be deposited by my said executor in his name as such executor in some bank or banks of his own selection and subsequently distributed in accordance with the instructions hereinafter set forth."

In paragraph 7 of the will, after providing for the payment of funeral expenses, the expenses of her last illness, and the payment of certain small legacies, the testatrix gave and bequeathed "all the moneys, including the proceeds of the aforementioned sale of my real estate" to her two brothers and sister, hereinbefore named, "in equal parts or shares", with provision for the children of George Trudeau in the event of his decease, as above mentioned.

In spite of the express direction to sell in paragraph 5 of the will, George Trudeau died without having sold the real

estate in accordance therewith. In this situation, the parties present the two following questions for our determination: "1. Does the power to sell remain after the seven months period? 2. Is the legal title in the administratrix *d.b.n., c.t.a.* to sell?"

The answer to the first question depends upon the intention of the testatrix as expressed in her will. The language of the will is clear and presents no latent ambiguity. Therefore, we are able to determine her intention from the will itself, without resorting to the testimony in this cause.

The whole scheme of the will, especially the language of the above-mentioned paragraphs 5 and 7, shows plainly that the testatrix intended to make a gift of money and not a devise of real estate to her beneficiaries. She directs that her real estate be converted into money within seven months, and then further directs that all the moneys in her estate "including the proceeds of my real estate" be distributed in accordance with the provisions of the will. The express direction, without discretion in the executor, to convert the real estate into money is basic and mandatory; the direction that such conversion be made as soon as may be conveniently done after the death of the testatrix, but within seven months, undoubtedly imposed a duty upon the executor to exercise within the specified time the power of sale thus vested in him. But it does not follow that the mere failure of the executor to perform such duty within that time in any way annulled the power that the testatrix vested in him in order that her dominant intention, as expressed in the will, might be more promptly accomplished.

There is nothing in the will to indicate in the slightest manner that the executor could not or should not exercise such power after the expiration of seven months, if he had not exercised it before. We are convinced by our examination of the will that the testatrix never intended to make it possible for her executor, by mere inaction, to defeat the con-

trolling purpose of the will, namely, to have the real estate converted into money by sale and to have the proceeds, together with all other sums, distributed among her beneficiaries. In these circumstances, the power to sell and make conveyance of the testatrix's real estate remained in the executor, or his duly qualified successor, notwithstanding the expiration of the specified time. For the above reasons, we answer the first question in the affirmative.

Our answer to the second question is also in the affirmative. The testatrix vested the power to sell her real estate in "my executor." She gave that power to the person whom she named as executor to be exercised by him as such only; and no provision was made in the will against the exercise of that power by an administrator with the will annexed. Such a situation is controlled by G. L. 1938, chap. 575, § 24, which provides that an administrator with the will annexed shall have the same power to sell and make conveyance of real estate as is given by the will to the original executor, unless such power be given to such executor as an individual apart from such office or unless provision to the contrary be made in the will.

The parties may, on November 27, 1940, present for our approval a form of decree to be entered in the superior court in accordance with this opinion.

*Irving I. Zimmerman,* for complainants.

*Edward F. Dwyer,* for respondent Helen F. Collins.

*Tillinghast, Collins & Tanner, Westcote H. Chesebrough,* for respondent R. I. Hospital Trust Co.